The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, Arkansas 72110-3419
Dear Representative Hawkins:
This is in response to your request for an opinion on the following question:
 Under Arkansas law, in the event a court issues a default judgment due to a defendant's failure to answer within the time allowed by law and after the thirty (30) day period allowed to file an appeal after entry of judgment has expired, then can the defendant against whom such judgment has been rendered present any defense or litigate any matter which was raised in the original lawsuit?
The answer to your question is "yes," the defendant may make a motion to the court to set aside the default judgment.
Rule 55 of the Arkansas Rules of Civil Procedure governs default judgments. With regard to the setting aside of such judgments, subsection (c) of the Rule provides that:
 The court may, upon motion, set aside a default judgement previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.
The 1990 Amendment to the Reporter's Note to this rule states that:
 Rule 55 has been substantially amended to liberalize Arkansas practice regarding default judgments. The revised rule, which reflects a clear preference for deciding cases on the merits rather than on technicalities, is intended to avoid the harsh results that often flowed from the previous version. . . . Under former Rule 55(c), a default judgment could be set aside only upon a showing of `excusable neglect, unavoidable casualty, or other just cause.' The amended rule, however, adopts a more liberal standard. Under subdivision (c)(1), for example, a default judgment may be set aside on the basis of `mistake, inadvertence, surprise, or excusable neglect.' In addition, subdivision (c)(4) permits the court to set aside a default judgment `for any other reason justifying relief from the operation of the judgment."
It is therefore my opinion that the answer to your question is "yes," the defendant may make a motion to set aside the default judgment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh